IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,<br>*Plaintiff* | §<br>§<br>§<br>§ | SA-24-CV-00799-XR |
| -vs- | §<br>§ | |
| BRENDA HALE, TABITHA KEEL, BRIAN MCDONALD, KARA MCDONALD, RUSSELL MCDONALD, MARGARET S. WOOD, OWEN MCDONALD III,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered the motions for Summary Judgment from competing sides of an interpleader action. ECF Nos. 27, 28, 29. On one side is *pro se* Defendant Margaret S. Wood. On the other, *pro se* Defendants Russell McDonald ("Russell") and Brenda Hale.[1] After careful consideration, the Court **GRANTS** Margaret Wood's Motion and **DENIES** Russell and Brenda Hale's.

**BACKGROUND**

**I.     Facts**

This is a statutory interpleader case to distribute life insurance proceeds. The Court discharged Plaintiff Woodman of the World Life Insurance Society ("Woodman Life") after it deposited the $25,000[2] of Anna Marie McDonald's ("Anna") life insurance proceeds into the

---

[1] Because some parties in this case bear the same surname (McDonald), the Court refers to them by their first name for ease of reference.

[2] The Court has jurisdiction under 28 U.S.C. § 1335 because (1) there is minimal diversity among the claimants, (2) the amount in controversy exceeds $500, and (3) Woodman Life deposited the proceeds into the Court's registry. *See* ECF No. 26 at 2 n.1; *infra* note 5.

1

Court's registry ("Prior Order"). ECF No. 26.[3] Three remaining Defendants—Margaret Wood, Russell, and Brenda Hale—have competing claims to the proceeds. Now at the "second stage" of the interpleader action, the issue before the Court is who is entitled to the funds.

**Life Insurance Policy.** On November 25, 2002, Woodman Life issued a life insurance policy, No. 6192445, to Anna in the amount of $25,000 (the "Policy"). ECF No. 11 at 8–39.[4]

In her application certificate for the Policy, dated November 20, 2002, Anna designated her spouse, Owen C. McDonald ("Owen") as the "primary beneficiary," and under "Type" listed "per stirpes." *Id.* at 36. Anna designated Margaret Wood as the "alternate beneficiary," and under "Type" listed "per stirpes." *Id.* at 36. Margaret Wood is Anna's biological daughter. ECF No. 27 at 2. Russell and Brenda Hale are two of Owen's biological children and step-children to Anna. ECF No. 28 at 2.

Anna died on February 9, 2024. ECF No. 27 at 2. Owen passed away before her, on January 30, 2021. *Id.*

**Entitlement Claims.** Margaret Wood claims she is entitled to the entirety of the insurance proceeds based on her status as the alternative beneficiary under the Policy. ECF No. 27 at 2. Russell and Brenda Hale, on the other hand, each assert they are entitled to one-fifth of the funds payable, plus a *pro rata* share of any remaining funds not claimed by the heirs sued here, based on the "per stirpes" language.[5] ECF No. 28 at 1.

---

[3] The Clerk of the Court previously entered default against the other four Defendants: Tabitha Keel, Brian McDonald, Kara McDonald, and Owen McDonald, III. ECF No. 23. These Defendants have not appeared or moved to set aside the entry of default, so the Court *sua sponte* enters **DEFAULT JUDGMENT** against them.

[4] Neither Margaret Wood, Russell, nor Brenda Hale attach a copy of the Policy to their Motions. The Court relies on the Policy attached to Woodman Life's Amended Complaint, ECF No. 11, which is uncontested.

[5] The Court, in its Prior Order, stated that Russell is a resident of Texas. ECF No. 26 at 1. Russell and Brenda Hale point out that Russell is a resident of Kentucky. ECF No. 28 at 1. This does not change the jurisdictional calculus, as there is still minimal diversity among the claimants under 28 U.S.C. § 1335. *See* ECF No. 26 at 2 n.1.

**DISCUSSION**

I. **Legal Standard**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. "On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

The relevant facts stated above are undisputed, and the issue here is a purely legal one.

II. **Analysis**

Margaret Wood's primary argument is that the primary beneficiary—Owen—pre-deceased the insured—Anna—and so the insurance proceeds go to Margaret Wood, who is the alternate beneficiary of the Policy. ECF No 29 at 2 (arguing that "[e]stablished law confirms that when a primary beneficiary pre-deceases the insured, the contingent beneficiary's rights automatically vest").[6] In other words, Owen's interest as the primary beneficiary never vested, and Russell and Brenda Hale, cannot recover "per stirpes" on a non-vested interest. *Id.* (arguing that "step children of the primary beneficiary are not successors under per stirpes when the primary beneficiary pre-deceases the insured").

Russell and Brenda Hale, on the other hand, argue that the "per stirpes" language in the Policy requires that the "assets should pass down the family tree." ECF No. 28 at 2. They argue that when Owen passed away, the insurance proceeds that he would have been entitled to passed down to them, as they are on the "first branch" of Owen's tree. *Id.* They also contend that Anna's

---

[6] Margaret Wood points to numerous facts that are not relevant to the issue here, such as her mother's comments regarding family relationships, her care for her mother in her final days, costs expended on her mother's funeral, and attempts to mediate this action. ECF No. 27 at 2–3. The Court need not address these.

3

failure to update the Primary Beneficiary of the Policy after Owen passed away supports their theory of distribution. *Id.* at 3.

The Court agrees with Margaret Wood. Generally, "[w]hen the insured designates a primary and a contingent [alternate] beneficiary, the interest of the primary beneficiary does not vest until he or she survives the insured. Accordingly, if the primary beneficiary predeceases the insured, the contingent [alternate] beneficiary is entitled to the proceeds." 4 Jordan R. Plitt, et al., Couch on Insurance § 61.37 (3d ed. 2024). Because Owen passed away before Anna, his interest did not vest, and Margaret Wood is entitled to the proceeds.

Texas law agrees.[7] A "beneficiary named under a life-insurance policy has no standing to recover under the policy unless his interest has vested." *Rotating Servs. Ind. Inc. v. Harris*, 245 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). "When an insured retains the right to change the beneficiary in a life insurance policy, a beneficiary ordinarily acquires no vested rights, by virtue of designation, in either the policy or its proceeds until the insured's death . . . ." *Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 627 (5th Cir. 2019) (quoting *Fid. Union Life Ins. Co. v. Methven*, 346 S.W.2d 797, 799 (Tex. 1961)); *Box v. Southern Farm Bureau Life Ins. Co.*, 526 S.W.2d 787, 789 (Tex. App.—Corpus Christi 1975, writ ref'd n.r.e) (same). "[S]ettled Texas law holds that a named beneficiary has no vested interest in the policy proceeds unless one of the following conditions occurs: (1) a contract—separate from the policy itself— proscribes any change in the designation of the beneficiary, (2) the policy itself does not authorize the owner of the policy to change the beneficiary, or (3) the insured dies." *Harris*, 245 S.W.3d at

---

[7] Texas law applies here. The forum state's substantive choice-of-law rules governs a diversity-based statutory interpleader action, *United States v. Jesco Const. Corp.*, 528 F.3d 372, 374 (5th Cir. 2008), and the Policy's choice-of-law provision provides that its terms "will be governed by the law of the state where it is delivered," ECF No. 11 at 16, which was Texas. *See CMA-CGM (Am.) Inc. v. Empire Truck Lines Inc.*, 285 S.W.3d 9, 13 (Tex. App.— Houston [1st Dist.] 2008, no pet.) ("Under Texas procedural law, parties may express in their agreement their choice that the law of a specified jurisdiction will apply to their contract." (internal quotation marks and citation omitted)).

481 (internal citations omitted); *Cates v. Cincinnati Life Ins. Co.*, 947 S.W.2d 608, 614 (Tex. App.—Texarkana 1997, no writ).

No exceptions apply that would have vested the primary beneficiary interest in Owen at his death, and so Russell and Brenda Hale cannot recover the insurance proceeds, "per stirpes" or otherwise.

First, Russell and Brenda Hale, do not point to any separate contract—for example, a "permanent irrevocable designation"—that restricted Anna's ability to change the beneficiary designation. *Harris*, 245 S.W.3d at 482 (internal quotation marks omitted).

Second, the Policy authorized Anna to "change the beneficiary at any time by sending a signed and dated written request to [Woodman Life's] Home Office." ECF No. 11 at 20. Indeed, Anna executed a Power of Attorney on August 21, 2021—after Owen passed away—that designated Margaret Wood to have power over, among other issues, "[i]nsurance and annuity transactions," "[e]state, trust, and other beneficiary transactions," and "[c]laims and litigation." ECF No. 27 at 19–20. Russell and Brenda Hale do not address this evidence, which reaffirms that Anna had the power to change the designation of the beneficiary—and indeed, gave the power to do so to Margaret—*after* Owen's passing.

Third, because Anna *survived* Owen, no beneficiary vested until her death. *See Harris*, 245 S.W.3d at 482. Until Anna passed away, the Policy allowed her to change any beneficiary designation.

Because Owen's interest as the primary beneficiary never vested, Russell and Brenda Hale lack standing and cannot recover under the Policy.

Russell and Brenda Hale's theory that the "per stirpes" language requires a distribution of Owen's interest to them lacks merit. "Per stirpes" is defined as "[p]roportionately divided between

beneficiaries according to their deceased ancestor's *share*." *Per stirpes*, Black's Law Dictionary (12th ed. 2024) (emphasis added). By definition, it requires a *share* to be applied to. It "does not mean distribution to 'heirs'" in the abstract, and is instead a "method of distribution to determine the size of the share a beneficiary receives." *Sun Life Assurance Co. v. Barnhill*, No. 6-CV-1250, 2008 WL 11363877, at *5 (C.D. Ill. Dec. 1, 2008) ("per stirpes means that a beneficiary's share is calculated according to his or her degree of relationship to the decedent").

Here, Owen predeceased Anna, the life insurance proceeds never vested in Owen, and so there is no share of the life insurance proceeds to distribute "per stirpes" to Russell and Brenda Hale. *Cf.* 4 Jordan R. Plitt, et al., Couch on Insurance § 61:38 (3d ed. 2024) ("[W]here the death of the beneficiary named in a life policy occurs *after* that of the insured, but before payment of insurance, the fund becomes a part of the beneficiary's personal estate, to the exclusion of any person named as a contingent beneficiary.") (emphasis added); *see also Washburn v. United States*, 63 F. Supp. 224, 227 (W.D. Mo. Nov. 24, 1945) ("It is a well established principle of law that where a beneficiary survives the insured . . . the rights of a 'contingent' beneficiary are lost, and that upon the death of the insured, the benefits immediately become due to the surviving principal beneficiary.").

If Owen *survived* Anna, but later passed away, this would be a different case.[8] But because Owen passed away *before the proceeds vested in him*, the "per stirpes distribution [to Russell and Brenda Hale] [is] a contingency that never occurred." *Barnhill*, 2008 WL 11363877, at *5.

Russell and Brenda Hale's theory that Anna McDonald's failure to update the Primary Beneficiary in her Policy shows they are entitled to the proceeds is unpersuasive. Russell and

---

[8] Margaret Wood also points to Owen's Last Will and Testament, dated April 8, 2009, which provides for the different distributions of his "property . . . whether real, personal, mixed, tangible and intangible, of whatever nature wheresoever situated," depending on whether Anna McDonald pre- or post-deceased him. ECF No. 27 at 4, 30. The Court need not address the import of this, given its conclusion that the proceeds never vested in Owen.

Brenda Hale do not explain why her failure to do so has any bearing on the distribution of the proceeds, and they do not point to any language in the Policy that required her to do so. As explained above, once Owen passed away, the right to the insurance proceeds shifted to Margaret Wood as the designated "alternate beneficiary" under the Policy.

***

The Court makes one further observation. All the *pro se* Defendants here appear to rely on outside and unverified sources in support of their legal arguments. Russell and Brenda Hale cite no authority for their "per stirpes" theory, but contend they "have consulted with a Kentucky lawyer and reviewed online research." ECF No. 28 at 2. Margaret Wood, on the other hand, offers legal arguments and case citations that appear to rely on some artificial intelligence (AI) tool. ECF No. 29 at 2–3.[9] The case law Margaret Wood cites as "established legal doctrine" and in support of her arguments are hallucinations. *Id.* The Court could not locate multiple cases she cited,[10] and the single one it found did not support the proposition it was cited for.[11] But it turns out that Russell and Brenda Hale's theory is wrong, and Margaret Wood's is correct.

---

[9] Margaret Wood's initial brief contained no case citations. It did, however, reference an "[a]vailable [d]efinition per Google" of "per stirpes," and hinted at the argument that "a deceased beneficiary [cannot] remain a beneficiary when there is an alternate." ECF No. 27 at 5.

[10] These "hallucinated" cases are (1) *Lincoln Benefit Life Co. v. Edwards*, No. 2:06-CV-00749, 2007 WL 837097 (S.D. Ohio); (2) *Metropolitan Life Ins. Co. v. Hall*, 9 F. Supp. [sic] 2d 1114 (D. Kan. 1998); (3) *in Re Estate of Holzheld*, 200/N.Y. Slip. [sic] Op. 50218 (U); and (4) *Estate of Sonderfan*, 2016 Tex. App. LEXIS 6228 (Tex. App. June 15, 2016). ECF No. 29 at 2.

[11] This case is *Am. States Ins. Co. v. Kiger*, 662 N.E. 2d 945 (Ind. 1996). Margaret Wood cited *Kiger* to support her argument that Anna McDonald could not have been "expected to correct an undisclosed or misunderstood provision ["per stirpes"]," and that "any ambiguity in the policy language must be construed against the insurer and the drafter of the policy document." ECF No. 29 at 3. *Kieger* dealt with an insurance coverage dispute and construction of ambiguous terms, and says nothing about a duty to correct misunderstood terms. *Kieger*'s closet holding is a restatement of the "general rule of construing [ambiguous] exclusions strictly against the insurer and in favor of coverage." *Kiger*, 662 N.E.2d at 949. But Russell and Brenda Hale never argued "per stirpes" is ambiguous, and there is no issue of construing the policy against Woodman Life.

The Court is sympathetic to the use of artificial intelligence under these circumstances, given that *pro se* parties may have difficulty coming up with correct legal arguments by themselves. Indeed, Margaret's artificial intelligence research largely provided the correct legal arguments, whereas Russell and Brenda Hale's alleged reliance on an out-of-state attorney and online research led them astray.

The Court restates the obvious, without repercussion for the *pro se* litigants here (and as a warning for others). While artificial intelligence can, and will continue to be a useful resource for locating legal authorities, the case citations and conclusions it offers may still be incorrect. Parties are advised, as many courts have already stated in this quickly-evolving area, to double-check their arguments and citations before submitting them to the Court.[12]

## **CONCLUSION**

For the foregoing reasons, Margaret S. Wood's Motion for Summary Judgment is **GRANTED**. Margaret S. Wood is **ENTITLED** to the entirety of the $25,000 deposit in the Registry of the Court, together with applicable interest.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** against Defendants Tabitha Keel, Brian McDonald, Kara McDonald, and Owen McDonald, III.

**IT IS FURTHER ORDERED** that as soon as the business of the office allows, the United States District Court Clerk shall make payment of the entirety of the $25,000 deposit in the

---

[12] Left unresolved, however, is how courts can educate *pro se* litigants to do so. *Pro se* litigants generally face a dearth of information about how to file briefs and identify relevant legal authority (i.e., statutes and caselaw). Indeed, neither the Western District of Texas's Pro Se Manual nor its FAQs for *pro se* filers provides such guidance. *See* United States District Court Western District of Texas, *Pro Se Manual*, Oct. 26, 2017, https://perma.cc/RJ52-X323; United States District Court Western District of Texas, *FAQs for Pro Se Filers*, https://perma.cc/G3YC-M7Q7.

This instructional gap is largely because courts must liberally construe *pro se* parties' factual allegations and requests for relief, but not their statements of law. Indeed, courts cannot change the law on behalf of pro se parties and typically do not rely on pro se parties' characterizations of the law in their legal analysis. Still, guidance in this new area on how to identify relevant sources of law may prove useful to *pro se* parties in determining how to present their arguments to a court.

Registry of the Court, together with applicable interest, and shall be distributed to Defendant Margaret S. Wood (3410 Marlark Pass, San Antonio, TX, 78261).

The Clerk of the Court is **DIRECTED** to send a copy of this Order and the Final Judgment that will follow to Defendants by mail at the following addresses: (i) Margaret S. Wood, 3410 Marlark Pass, San Antonio, TX, 78261; (ii) Russell McDonald, 1107 W. 15th Street, Hopkinsville, KY, 42240, and (iii) Brenda Hale, 9454 Ft. Campbell Blvd., Hopkinsville, KY, 42240.

A final judgment pursuant to Rule 58 will follow.

The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

**SIGNED** this 30th day of May, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE